Nash J.
 

 The only witness, on behalf of the plaintiff, who speaks anything as to the contract between the parties is Col, Isaac Lamb, and, what he testifies, he states came from the plaintiff. He surveyed the land for the plaintiff, who on that occasion told him, that it had been agreed between him and Benjamin Elliott, that the entry of the latter should be dropt, as the witness expressed it, and that he, the 'plaintiff, should re-enter it, and in his own name take out a grant for it, and, that they had made this agreement, because it would cost less money than to take out the grant in Elliott’s name, who would then have to make him a deed, and that Nance was to pay the expenses of the survey and the purchase money to the State, all of which Elliott was to credit him for. We cannot well see, why the ease was not settled as soon as this testimony was taken. It-is evident from it, that the statements of the bill were pot true, and that those in the answer were. Nance must have known, at the time of his purchase, that Elliott had not perfected the title to'the land, and it is evident, from his own testimony, that it was part of the agreement between him and Elliott, that the entry of the latter should be suffered to lapse, and a re-entry made by the plaintiff, after the lapsing of the entry made by Elliott. Another entry in his name could not be made of the same land, within twelve months thereafter; and all entries lapse and return to the State, and become subject to re-entry, whenever the purchase money is not paid on or before the 31st December, of the second year af
 
 *410
 
 ter the entry is made,Rev. St., c. 42,sec. 10,11,12. The re-enti y could not have been made by Nance in the name of Elliott, within twelve months after its lapsing. But, the reentry was made by him in pursuance of the agreement between him and his vendor. If he did not receive credit for •the money paid by him, at the time the judgment was recovered, it was his own fault, in not claiming and laying before the Jury, his evidence to prove it. We do not see, however, how, upon his own statement., wo could grant, him the relief he asks. He does not, in his bill, seek to set aside the contract, but asks the Court to compel the defendants to return the money he has paid, and permit him to
 
 keep the
 
 ¡and. He has now a good and indefeasible title to the land, and stands in no need of any assistance from the defendants to make it better. If the fact had been, as he states it, that he believed at the time of his purchase, that Benjamin
 
 Elliott had
 
 a
 
 good title to
 
 the land, and upon discovering the contrary, had applied to a Court of Equity to set aside the contract, or to complete the title by paying the necessary expenses, no doubt his prayer would have been granted, if sufficiently sustained by proof. Instead of pursuing this course, he undertakes to supply, and does succeed in supplying, the alleged defects of title,. He now has all that he contracted for, and in Equity has no claim for relief.
 

 Per. Curiam., Bill dismissed.